OPINION
{¶ 1} Defendant, Stephen Clemons, appeals from his sentence for Aggravated Theft, R.C. 2913.02(A)(1), and a further sentence for a violation of community control sanctions.
 {¶ 2} Clemons is a construction contractor. He was indicted for Aggravated Theft for alleged fraudulent draws in connection with three jobs he contracted to perform on real properties in the Yankee Trace development; the Yearms, Feller and Pearson properties.
 {¶ 3} Clemons entered a negotiated plea of no contest to the Aggravated Theft charge. He also admitted to a resulting violation of community control sanctions that had been imposed for a prior conviction.
 {¶ 4} Clemons and the State stipulated that the amount in issue in the Aggravated Theft alleged totaled $102,193.58. The parties and the court further agreed that Clemons would be sentenced to a three year term of incarceration on his conviction for Aggravated Theft and six months for the community control violation, the two sentences to run concurrently. The further matter of restitution that Clemons must pay the three property owners who are victims of the Aggravated Theft was left for the court to decide after a hearing.
 {¶ 5} The court accepted Clemons' plea of no contest to Aggravated Theft and sentenced him to the agreed term of three years incarceration. Clemons was sentenced to a concurrent twelve month term for the community control violation, not to the agreed six month term. On the matter of restitution, the court rejected Clemons' claim that the property owners had benefitted from $27,439.26 in labor Clemons or his employees had performed on their properties. The court ordered Clemons to pay the entire $102,193.58 in restitution.
 {¶ 6} We granted Clemons' motion for leave to file a delayed appeal. He presents three assignments of error.
 {¶ 7} Issue I
 {¶ 8} "Whether the trial court's ruling regarding the amount of restitution was against the manifest weight of the evidence, and as a result, whether the court's sentence of three-years in prison exceeded the maximum sentence that could have been imposed."
 {¶ 9} Defendant claims that the evidence he presented at the hearing was sufficient to demonstrate that he is entitled to a reduction in the amount of restitution. Defendant argues that the trial court's decision, refusing to give him any of the credits he claims he is entitled to against the amount of restitution owed, is against the manifest weight of the evidence. We disagree.
 {¶ 10} The trial court was authorized by law to impose financial sanctions such as restitution based upon the amount of the victim's loss as part of its sentence. R.C. 2929.18(A)(1). In determining whether the trial court's order of restitution is supported by the evidence, a reviewing court must apply a manifest weight of the evidence standard of review. State v. Conrad (March 1, 2002), Vinton App. No. 01CA555, 2002-Ohio-2196, citing State v. Warner (1983), 55 Ohio St.3d 31.
 {¶ 11} A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15562, unreported. The proper test to apply to that inquiry is one where the appellate court:
 {¶ 12} "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. See also: State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 13} The credibility of the witnesses and the weight to be given to their testimony is a matter for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230. In State v. Lawson (August 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 14} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 15} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict.State v. Bradley (October 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 16} Defendant testified at the hearing that he paid his employees $27,439.26 for work performed on the three properties in question. He also testified that he personally worked on those properties, supervising those construction projects ten hours per day, six days per week for about one year, without being paid. Defendant further testified about the start-up costs he paid out of pocket for these three projects without being reimbursed. Additionally, Defendant testified that he should not be charged with the amount owed to Erb Lumber for windows because those materials were not delivered to the job site prior to his being fired from these jobs, and that he should not be charged with amounts owed to Halsey-Myers Lumber and Ernst Concrete because he was prepared to pay those bills when homeowner Yearms stopped payment on his checks.
 {¶ 17} Defendant did not present any business records to corroborate or substantiate most of his claims. Moreover, he could not say that the $27,439.26 he paid his employees was for work performed only on the three properties in question. In fact, Defendant confirmed that with respect to any given check, it may have constituted payment for work done on several different properties, not only the three properties at issue in this case. Defendant's only other witness, Thomas Swope, a painter, testified that he had performed work as Clemons' employee on the three properties involved in the Aggravated Theft offense, and that Clemons had paid him in three checks totaling $6,700. However, Swope was unable to say whether some of the payment he received was also for other work he performed. The court could have rejected Swope's testimony as too indefinite to rebut the evidence the parties had stipulated: that the State's witnesses, if called, would testify that their losses amounted to $102,193.58
 {¶ 18} The trial court concluded that Defendant lacked credibility, calling him a liar. The court also stated that Defendant's uncorroborated testimony was not entitled to any weight whatsoever. The trial court further noted that Defendant presented no records of any kind to corroborate his specific claims, only his own self-serving testimony, which the court found was not worthy of belief. The court also observed that the invoice from Erb Lumber that Defendant claims is for windows that he should be credited for is instead a bill for doors and side light panels, not windows.
 {¶ 19} In reviewing this record as a whole, we cannot say that the evidence weighs heavily against the court's restitution order, that the trial court lost its way in determining the amount of restitution to be paid, or that a manifest miscarriage of justice has resulted. The trial court's order of restitution is supported by sufficient evidence and is not against the manifest weight of the evidence.
 {¶ 20} The first assignment of error is overruled.
 {¶ 21} Issue II
 {¶ 22} "Whether the defendant-appellant was deprived a fair restitution hearing through his counsel's ineffective assistance in failing to call witnesses favorable to his defense or requesting a continuance so such witnesses could testify."
 {¶ 23} Defendant argues that he was deprived of the effective assistance of counsel during the restitution hearing. Specifically, defense counsel failed to call witnesses to substantiate that Defendant paid them for work they performed on the three properties in question in this case, thereby depriving Defendant of credits which would reduce the amount of restitution owed.
 {¶ 24} In order to demonstrate ineffective assistance of trial counsel, Defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that Defendant was prejudiced by counsel's performance; that is there is a reasonable probability that but for counsel's unprofessional errors, the result of Defendant's trial or proceeding would have been different. Strickland v. Washington (1984),466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 25} The summary of docket and journal entries discloses that on July 25, 2003, defense counsel issued subpoenas for several witnesses, including Thomas Swope, to testify on Defendant's behalf at the restitution hearing. Although Defendant speculates in this assignment of error that the subpoenaed witnesses would have testified that Defendant is entitled to credit for amounts he paid them for work they performed on the three properties at issue in this case, the record before us doesnot indicate what these witnesses would have said if called to testify at the hearing. Absent that evidence, we cannot determine what the likely impact of their testimony might have been and whether there exists a reasonable probability that it would have changed the outcome of the hearing.
 {¶ 26} Defendant has not demonstrated any prejudice resulting from counsel's failure to call these witnesses to testify at the restitution hearing, and ineffective assistance of counsel has not been demonstrated. Defendant's proper avenue of relief on this particular claim is an R.C. 2953.21 petition to post-conviction relief.
 {¶ 27} The second assignment of error is overruled.
 {¶ 28} Issue III
 {¶ 29} "Whether the trial court erred in sentencing the defendant-appellant to twelve months on the probation revocation matter when the agreement of the parties and the statements of the court indicated that the sentence was to be six months."
 {¶ 30} Defendant argues that the trial court erred in sentencing him to twelve months imprisonment for the community control violation in Case 1996-CR-3343, when the terms of the parties' plea agreement with the State and the court in Case 2002-CR-3326 specifically called for Defendant to be sentenced to six months imprisonment for the community control violation, concurrent with the sentence imposed for the Aggravated Theft case. The State has conceded this error.
 {¶ 31} The third assignment of error is well taken. The judgment of the trial court sentencing Defendant to twelve months imprisonment for the community control violation in Case 1996-CR-3343 is hereby modified, and Defendant is sentenced to six months imprisonment in Case 1996-CR-3343 in accordance with the plea agreement. The judgment of the trial court is affirmed in all other respects.
Brogan, P.J. and Fain, J., concur