OPINION
{¶ 1} Defendant-appellant, Joanne Radway ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, in which that court ordered that appellant pay restitution as part of her sentence for the two counts of Medicaid fraud to which she pled guilty. *Page 2 
 {¶ 2} This case began on April 19, 2006, when the Franklin County Grand Jury indicted appellant on four counts of Medicaid fraud, violations of R.C. 2913.40(B). The indictment alleged that appellant aided and abetted, and made false and misleading statements in support of, four home health care workers who submitted false claims for services purportedly rendered under the Ohio Medical Assistance Program.
 {¶ 3} On June 14, 2006, pursuant to a plea agreement, appellant pled guilty to the first and second counts of the indictment. At the request of plaintiff-appellee, State of Ohio ("appellee"), the trial court entered a nolle prosequi as to the remaining counts. Count One involved appellant's assisting Dawn Fields ("Fields") in submitting fraudulent claims, and was a felony of the fourth degree. Count Two involved appellant's assisting Lisa Pritt ("Pritt") in submitting fraudulent claims, and was a fifth degree felony.
 {¶ 4} At the plea hearing, appellee informed the court that appellant is a Medicaid recipient who was receiving services from home health aides all employed by the same Medicaid provider. From October 1, 2004 through November 30, 2005, appellant signed falsified time sheets on behalf of Fields, and from April 1, 2004 through February 28, 2005, appellant signed falsified time sheets for Pritt. In both instances she certified that she had received services that were never provided. Appellant accepted a small amount of money from Fields and Pritt in exchange for these false certifications.
 {¶ 5} On September 15, 2006, the trial court held a sentencing hearing. The court imposed a period of five years of community control and suspended a prison term of 17 months as to Count One and 11 months as to Count Two. The court imposed court costs but no fine. Then, discussion turned to the issue of restitution, which the court indicated it would impose as a condition of community control. *Page 3 
 {¶ 6} Appellant requested that any restitution order in her case reflect only the amounts for which she was directly responsible and that it reflect her level of participation in the offenses. Nonetheless, the court ordered restitution in the amount of $30,149.25, apparently representing the total loss occasioned by all of the acts for which appellant had been indicted. The court ordered that appellant be held jointly and severally liable, with her co-conspirators, for that amount.
 {¶ 7} Appellant timely appealed and presents a single assignment of error for our review:
 The trial court erred in ordering restitution and court costs in excess of $30,000.
 {¶ 8} As with other aspects of a criminal sentence, an appellate court may not modify a financial sanction unless it finds by clear and convincing evidence that the sanction is not supported by the record or is contrary to law. See R.C. 2953.08(G).
 {¶ 9} R.C. 2929.18(A)(1) provides, in relevant part, that a trial court may order a felony offender to pay restitution "to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." In State v. Finkes (Mar. 28, 2002), Franklin App. 01AP-310, discretionary appeal not allowed,96 Ohio St.3d 1469, 2002-Ohio-3910, 772 N.E.2d 1204, this court explained:
 [Restitution is limited to the actual loss caused by the offender's criminal conduct for which the offender was convicted. State v. Brumback (1996), 109 Ohio App.3d 65, 82. There must be competent, credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. Id. at 83. The amount of restitution ordered by the trial court must bear a reasonable relationship to the loss suffered by the victim. State v. Marbury (1995), 104 Ohio App.3d 179, 181, 661 N.E.2d 271. *Page 4 
Id. at ¶ 149. See, also, State v. Friend (1990), 68 Ohio App.3d 241,243, 587 N.E.2d 975; State v. Cockerham (1997), 118 Ohio App.3d 767,771, 694 N.E.2d 95.
 {¶ 10} Thus, restitution is limited to the actual loss caused by the defendant's criminal conduct for which she was convicted. State v.Brumback (1996), 109 Ohio App.3d 65, 82, 671 N.E.2d 1064. Restitution "can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced." State v. Hafer (2001),144 Ohio App.3d 345, 348, 760 N.E.2d 56; see, also, State v. Williams
(1986), 34 Ohio App.3d 33, 516 N.E.2d 1270.
 {¶ 11} With these authorities guiding our review, we now examine the record to determine whether the trial court's restitution order is limited to the actual loss caused by the conduct for which appellant was convicted, and is based upon credible evidence in the record from which the amount of restitution may be ascertained to a reasonable degree of certainty.
 {¶ 12} The transcript of the sentencing hearing reveals that the trial court simply stated, "$30,149.25 is what I got for restitution." (Sentencing Tr., 3.) The court did not explain how it arrived at that figure. The court took no evidence at the sentencing hearing as to the specific amount of losses to the Ohio Department of Job Family Services, which was the victim, according to the indictment. Defense counsel informed the court that a restitution order of $23,000 had been imposed upon Fields, and a restitution order of $116 had been imposed upon Pritt, but did not submit evidence of these facts. The state offered no evidence at this hearing.
 {¶ 13} At the earlier plea hearing, the prosecutor stated that the fraudulent time sheets that appellant signed for Fields were used to obtain reimbursement in an amount *Page 5 
"over $5,000" and that those that appellant signed for Pritt were used to obtain reimbursement in an amount "more than [$]500 but less than $5,000." (Guilty Plea Hearing Tr., 6-7.) This merely tracked the language of the indictment and relevant statutes, but, again, the prosecutor's statement of facts contained no precise amounts of loss.
 {¶ 14} There is no other indication as to precisely how the trial court arrived at the figure of $30,149.25. More importantly, there was no evidence before the trial court from which we can conclude that the restitution order bears a reasonable relationship to the actual loss suffered by the victim. Furthermore, the trial court's order that appellant be liable jointly and severally with all four co-conspirators suggests that the figure impermissibly includes losses associated with the dismissed counts and is not confined to losses caused by appellant's conduct for which she was convicted.
 {¶ 15} For this reason, we find by clear and convincing evidence that the restitution order is not supported by the record and, therefore, must be reversed. Accordingly, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 BRYANT and KLATT, JJ., concur. *Page 1