[Cite as *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | Appellate Case No. 10-CA-61 |
| Appellee, | : | |
| | : | Trial Court Case No. 10-CR-0131(B) |
| v. | : | |
| | : | (Criminal Appeal from |
| RATLIFF, | : | Common Pleas Court) |
| | : | |
| Appellant. | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 13th day of May, 2011.

· · · · · · · · · · ·

D. Andrew Wilson, Clark County Prosecuting Attorney, and Amy M. Smith, Assistant Prosecuting Attorney, for appellee.

Flanagan, Lieberman, Hoffman & Swaim and Brock A. Schoenlein, for appellant.

· · · · · · · · · · · ·

FAIN, Judge.

{¶ 1} Defendant-appellant, Audrey Ratliff, appeals from her conviction and sentence for theft, following a guilty plea. Ratliff offers three challenges to the amount of restitution the trial court ordered. Ratliff contends that the trial court erred in ordering restitution of $121,000, when she pleaded guilty to a theft of less than $100,000. She also contends that the trial court abused its discretion in failing to hold a hearing regarding the amount of restitution and in failing to consider her ability to pay.

{¶ 2}   We conclude that the trial court did consider Ratliff's ability to pay restitution. But because Ratliff disputed the amount of money she stole, we conclude that the trial court abused its discretion in ordering restitution without holding a hearing.   Additionally, we conclude that in the absence of a specific plea agreement to the contrary, the amount of any order of restitution may not exceed the maximum amount that is an element of the theft offense for which the defendant was convicted.   Accordingly, the trial court's order of restitution is reversed, and the cause is remanded to the trial court for a hearing on that issue.

I

{¶ 3}   In February 2010, Ratliff was indicted on two counts of theft, one count of extortion, and one count of impersonating a peace officer.   The charges arose from events that occurred during the previous several months, when Ratliff repeatedly deceived her 78-year-old victim, causing him to loan her large sums of money that she promised to repay but did not.

{¶ 4}   Pursuant to a plea agreement, Ratliff pleaded guilty to theft from an elderly person of $25,000 or more, but less than $100,000, in violation of R.C. 2913.02(B)(3). Ratliff was sentenced to serve seven years in prison and to pay $121,000 in restitution to her victim.   From her sentence, Ratliff appeals.

II

{¶ 5}   Ratliff's sole assignment of error is as follows:

{¶ 6}   "The trial court erred in rendering its order of restitution."

{¶ 7}   Ratliff first contends that because she pleaded guilty to a theft of less than

$100,000, the trial court erred in ordering her to pay $121,000 in restitution. She also argues that the trial court erred in ordering any restitution without holding a hearing, after she objected to the amount, and that the trial court failed to consider her ability to pay any restitution.

{¶ 8} The state argues that Ratliff waived any error by failing to object to the amount of restitution. The state also argues that there was no information in the presentence-investigation report that would have led the court to doubt Ratliff's expressed intent to repay her victim.

{¶ 9} A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered. *State v. Williams* (1986), 34 Ohio App.3d 33. Therefore, we review a trial court's order of restitution under an abuse-of-discretion standard. See, e.g., *State v. Naylor,* Montgomery App. No. 24098, 2011-Ohio-960, ¶ 22. The abuse of discretion standard is defined as " '[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence.' " *State v. Boles,* Montgomery App. No. 23037, 2010-Ohio-278, ¶ 18, quoting Black's Law Dictionary (8th Ed.2004) 11.

{¶ 10} R.C. 2929.18(A)(1) allows a trial court to order, as a financial sanction, an amount of restitution to be paid by an offender to his victim "based on the victim's economic loss. * * * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the

amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount."

{¶ 11} We begin by addressing Ratliff's claim that the trial court failed to consider her ability to repay her victim before ordering restitution. The record does not support her claim.

{¶ 12} R.C. 2929.19(B)(6) imposes a duty upon the trial court to "consider the offender's present or future ability to pay" before imposing any financial sanctions under R.C. 2929.18. See, e.g., *State v. Martin* (2000)*, 140 Ohio App.3d 326, 338, citing *State v. Stevens* (Sept. 21, 1998), Clinton App. No. CA98-01-001. However, the statute establishes no particular factors for the court to take into consideration, nor is a hearing necessary before making this determination. Id. A trial court may comply with R.C. 2929.19(B)(6) by considering a presentence-investigation report, which includes information about the defendant's age, health, education, and work history. Id.

{¶ 13} In this case, both the sentencing transcript and the judgment entry of conviction indicate that the trial court considered the presentence-investigation report prior to ordering Ratliff to pay restitution. Furthermore, Ratliff insisted at sentencing that she intended to repay her victim. Under these circumstances, we conclude that the trial court did not fail to consider Ratliff's present or future ability to pay restitution.

{¶ 14} A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution. *State v. Cochran,* Champaign App. No. 09CA0024, 2010-Ohio-3444, ¶ 19, citing *State v. MacQuarrie,* Montgomery App. No. 22763, 2009-Ohio-2182. At the plea hearing, defense

counsel stated, "I don't know that we ever came to the conclusion, at least from our perspective, that the amount involved was more than $100,000, but we do agree that it was between $25,000 and $100,000." Furthermore, at the sentencing hearing, counsel again explained, "Audrey has always contended that she never took over $100,000 from Mr. Madison, and she said in her PSI that she believes it to be more in the neighborhood of $86,000." Thus, despite the state's claim to the contrary, Ratliff did dispute the amount of restitution, and she has not waived any error in this regard.

{¶ 15} " 'For due process reasons, the amount of restitution must bear a reasonable relationship to the loss suffered. Accordingly, to ensure a lawful award, there must be competent, credible evidence in the record to support the trial court's order of restitution "to a reasonable degree of certainty." The amount of restitution requested should, if necessary, be substantiated through documentary or testimonial evidence.' *State v. Bender,* Champaign App. No. 2004 CA 11, 2005-Ohio-919, at ¶ 10." *State v. Summers,* Montgomery App. No. 21465, 2006-Ohio-3199, ¶ 44. See also *Naylor,* 2011-Ohio-960, ¶ 20-21, citing *State v. Warner* (1990), 55 Ohio St.3d 31, 69.

{¶ 16} The presentence-investigation report sets forth three significantly different amounts of financial loss to the victim: the victim estimated his loss at $160,000, the prosecutor reviewed unspecified financial records of the victim and estimated the victim's loss to be $126,000, and Ratliff's version of events estimated the amount she stole to be $86,000. With no further evidence or testimony, the trial court accepted the prosecutor's estimate of $126,000, as reported in the presentence-investigation report, reduced that amount by $5,000, reflecting restitution ordered to be paid to the victim by one of Ratliff's codefendants, and

ordered Ratliff to pay $121,000. But R.C. 2929.18(B)(1) requires the trial court to hold a hearing in order to determine the appropriate amount of restitution when, as in this case, the defendant disputes the amount.

{¶ 17} Finally, "the right to order restitution is limited to the actual damage or loss caused *by the offense of which defendant is convicted*." (Emphasis added.) *State v. Clifton* (1989), 65 Ohio App.3d 117, 123. Orders of restitution may not include losses associated with dismissed counts. *State v. Radway,* Franklin App. No. 06AP-1003, 2007-Ohio-4273, ¶ 14. In *Clifton,* for example, because the defendant was convicted of theft of property valued between $300 and $5,000, the court held that the defendant could not be ordered to pay restitution of more than $5,000. *Clifton* at 123-124. See also *State v. Rivera,* Cuyahoga App. No. 84379, 2004-Ohio-6648. By the same reasoning, since Ratliff pleaded guilty to stealing less than $100,000, she cannot be ordered to pay more than $100,000 in restitution.

{¶ 18} For the foregoing reasons, we conclude that the restitution order in the amount of $121,000 is not supported by competent, credible evidence. Therefore, the trial court abused its discretion in ordering restitution without holding a hearing to determine the appropriate amount of that restitution.

{¶ 19} In this case, we need not decide, and we do not decide, whether a defendant who has, as an express part of a negotiated plea agreement or stipulation, agreed to restitution in an amount in excess of the elements of the offense for which the defendant has been convicted, or has agreed to restitution relating to additional counts that are being dismissed, may be ordered to pay restitution accordingly.

{¶ 20} Ratliff's sole assignment of error is sustained.

III

**{¶ 21}** Ratliff's sole assignment of error having been sustained, the order of restitution is reversed, and this cause is remanded for a hearing on the issue of restitution.

Judgment reversed

and cause remanded.

HALL and BROGAN, JJ., concur.

BROGAN, J., retired, of the Second District Court of Appeals, sitting by assignment.