[Cite as *State v. Littler*, 2012-Ohio-210.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos.  24532 |
| Plaintiff-Appellee | : | 24533 |
| | : | |
| v. | : | Trial Court Case Nos. 10-CR-2007 |
| | : | 10-CR-624/1 |
| JEFFERY S. LITTLER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 20th day of January, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

THOMAS W. KIDD, JR., Atty. Reg. #0066359, Post Office Box 231, Harveysburg, Ohio 45032
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Jeffrey S. Littler appeals from a $60,900 award of restitution imposed as part of his sentence following a plea of guilty to Theft of an amount of

at least $5,000, but not more than $100,000. Littler contends that the award is not supported by the evidence, that it exceeds the amount corresponding to the degree of the theft offense to which he pled guilty, and that it was awarded without consideration of his ability to pay the award.

{¶ 2} We conclude that the award of restitution is supported by the evidence adduced at the restitution hearing; that the amount of the award does not exceed the amount corresponding to the degree of the theft offense of which Littler was convicted; and that the trial court's consideration of his ability to pay is presumed from the trial court's statement that it considered the pre-sentence investigation report in this case, which contained information bearing upon Littler's present and future ability to pay a restitution award. Consequently, the judgment of the trial court is Affirmed.

## I.   The Course of Proceedings in the Trial Court.

{¶ 3} In Montgomery County Common Pleas Case No. 10-CR-2007, with which this appeal is concerned, Littler was indicted on one count of Theft, of copper wiring, from the City of Dayton, having a value of $5,000 or more, in violation of R.C. 2913.02(A)(1); and one count of Breaking and Entering, in violation of R.C. 2911.13(A). Littler was also indicted, jointly with Sean D. Martin, in Montgomery County Common Pleas Case No. 2010 CR 624/1, on one count of Theft, of copper wires, from the Dayton Power and Light Company, having a value of $500 or more, in violation of R.C. 2913.02(A)(1); and, also jointly with Sean D. Martin, one count of Disruption of Public Services, in violation of R.C. 2909.04(A)(2). In case No. 10-CR-2007, Littler pled guilty to Breaking and Entering, and no contest to Theft.

In case No. 2010 CR 624/1, Littler pled guilty to Disruption of Public Services and to Theft.

{¶ 4} Littler was sentenced to two concurrent sentences of six months in case no. 2010 CR 624/1, to be served concurrently with one another. He was sentenced in case no. 10-CR-2007 to six months for Breaking and Entering, and to eighteen months for Theft, to be served concurrently with one another, but consecutively to the sentences imposed in case no. 2010 CR 624/1, for a total sentence of two years.

{¶ 5} Of significance to this appeal, Littler was ordered to pay restitution to the City of Dayton in the amount of $60,900. He was not ordered to pay restitution to the Dayton Power and Light Company. Littler contested the amount of the restitution ordered, and the matter was scheduled for a subsequent hearing. At the restitution hearing, Keith Klein, a public officer of the City of Dayton who had acted as the facilities manager for the building from which Littler stole the copper wiring, testified. Dayton Police Detective Jamie Bullens also testified at the hearing. At the conclusion of the hearing, the trial court re-affirmed its award of restitution in the amount of $60,900.

{¶ 6} From the restitution award, Littler appeals.

## II. Evidence in the Record Supports the Restitution Award.

{¶ 7} Littler's First Assignment of Error is as follows:

{¶ 8} "THE TRIAL COURT ERRED WHEN ORDERING THE DEFENDANT TO PAY RESTITUTION IN THE AMOUNT OF $60,900.00 TO THE CITY OF DAYTON."

{¶ 9} Awards of restitution are provided for in R.C. 2929.18(A)(1). "If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender,

victim, or survivor disputes the amount." Id. In this case, the trial court, at the sentencing hearing, ordered Littler to pay restitution to the City of Dayton in the amount of $60,900. Littler contested that amount, and the trial court held a subsequent hearing on the issue of the amount of restitution.

{¶ 10} An award of restitution must be supported by competent and credible evidence from which the trial court can discern the amount of restitution to a reasonable degree of certainty. *State v. Gears* (1999), 135 Ohio App.3d 297, 300. Appellate review of an award of restitution is governed by the manifest-weight-of-the-evidence standard of review. *State v. Clemons*, 2nd Dist. Montgomery No. 20206, 2005-Ohio-436, ¶ 10.

{¶ 11} Keith Klein testified at the restitution hearing on behalf of the City of Dayton, the victim of the theft. He testified that he acted "as sort of a facilities manager for this particular property," from which the copper wiring was stolen. He testified that after the tenant of the property left in early March 2010, the City checked the condition of the building, and found that everything was "generally functional, including the electrical system."

{¶ 12} The City was notified of a break-in to the building on March 20, 2010. This corresponds to the date of the theft offense and break-in to which Littler pled no contest and guilty, respectively, which was set forth in the indictment as having occurred from March 20 to March 29, 2010. Upon entering the building after the break-in, the City noticed significant damage to the main electrical system serving the entire building. "There were pieces scattered about the floor. The doors of the cabinets were open and in disarray." "And at that point the electrical system was no longer functioning."

{¶ 13} Klein testified that the time between the tenant's having vacated the premises

and the break-in and damage was "probably two or three weeks."

{¶ 14} The City obtained an estimate of the cost of repair to the building, which Klein read parts of during his testimony. The total estimated cost of repair was $41,000 for materials, and $19,900 for labor, for a total of $60,900. The City had not had the repairs done at the time of the restitution hearing, because it had not yet found a tenant for the building.

{¶ 15} Dayton Police Detective Jamie Bullens also testified at the restitution hearing. He testified that he had interviewed Littler, and that Littler had "confessed to going into the building on multiple times." Bullens determined through his investigation that the stolen wiring "was sold at multiple scrap locations throughout the state of Ohio."

{¶ 16} Bullens testified that Littler had told him that "the majority of the items taken was electrical conductor or electrical wire that had been removed, that would've been insulated, to the crane and service throughout the building that had been pulled out from the overhead chase, the overhead conduit, pulled to the ground and then stripped. And then the bare copper taken to the scrap yards." Bullens testified that Littler had helped him in identifying the different scrap yards to which the stolen material was taken.

{¶ 17} Littler argues that the City of Dayton failed to prove the amount of its loss attributable to Littler's theft and break-in because "[n]o testimony was given that could pinpoint that the damage had been done solely by Mr. Littler." Littler cites the testimony that there were multiple signs of break-ins. But Littler admitted to Detective Bullens that he had gone into the building on multiple occasions, and Littler also helped Bullens identify different scrap yards to which the stolen material was taken. Thus, the multiple signs of break-ins can

be accounted for by Littler's multiple break-ins, alone. It appears from the evidence that Littler went into the building on more than one occasion, and left with stolen material on more than one occasion. And, according to Klein, the time between the vacation of the premises by the tenant and the City's discovery that it was the subject of a break-in was "probably two or three weeks." This is more probative of Littler's having been the sole thief than it is of there having been more than one thief during this two or three week period.

{¶ 18} Littler argues that it is "speculative" from the testimony that his offense was the sole proximate cause of the City of Dayton's loss. In our view, it would be more speculative to assume that there were other thieves, operating independently from Littler, who were taking copper wiring from this building during the same two to three week period in which Littler was helping himself to the copper wiring.

{¶ 19} We conclude that there is competent and credible evidence in the record to support a conclusion, to a reasonable degree of certainty, that the loss visited upon the City of Dayton, as the owner of the property Littler burglarized, equaled $60,900. Littler's First Assignment of Error is overruled.

## III. The Amount of Restitution Awarded Does Not Exceed the Amount Corresponding to the Degree of the Theft Offense of Which Littler Was Convicted.

{¶ 20} Littler's Second Assignment of Error is as follows:

{¶ 21} "THE TRIAL COURT ERRED IN IMPOSING RESTITUTION THAT EXCEEDED THE MAXIMUM AMOUNT OF THE THEFT OFFENSE."

{¶ 22} Littler cites *State v. Ratliff*, 2nd Dist. 194 Ohio App.3d 202, 2011-Ohio-2313,

for the proposition that a defendant convicted of Theft cannot be ordered to pay restitution in an amount greater than the maximum amount corresponding to the degree of Theft of which the defendant has been convicted.

{¶ 23} In *Ratliff*, it appears that the only damage suffered by the victim was the loss of the property stolen. In that context, we held that the amount of damage could not be deemed, for purposes of restitution, to exceed the maximum amount corresponding to the degree of Theft of which the defendant had been convicted. Ratliff had been convicted of Theft from an elderly person of $25,000 or more, but less than $100,000, in violation of R.C. 2913.02(B)(3). Id., at ¶ 4. Thus, an award of restitution in the amount of $121,000 was improper. Id., at ¶ 17-18.

{¶ 24} But in general, "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.18(A)(1). Thus, in a case like the one before us, where the theft of copper wiring results in damage to an electrical system that will cost more to repair than the value of the copper wiring stolen, the amount of economic loss directly and proximately resulting from the commission of the offense may, in fact, exceed the value of the stolen property, which governs the degree of the theft offense.

{¶ 25} In any event, the offense of which Littler was found guilty on his no-contest plea was a fourth-degree felony that, at the time of the offense, corresponded to the theft of at least $5,000, but less than $100,000, under R.C. 2913.02(B)(2). Now, as a result of H.B. 86, effective September 30, 2011, those amounts have been increased to $7,500 and $150,000, respectively, but they were $5,000 and $100,000 at the times that Littler committed his

offense, pled no contest, and was sentenced.

**{¶ 26}** The amount of restitution awarded, $60,900, does not exceed $100,000. Therefore, the principle espoused in *State v. Ratliff*, supra, has not been violated. Littler's Second Assignment of Error is overruled.

**IV.   The Record Does Not Support Littler's Contention That the Trial Court Failed to Consider His Ability to Pay Restitution.**

**{¶ 27}** Littler's Third Assignment of Error is as follows:

**{¶ 28}** "THE COURT COMMITTED PLAIN ERROR WHEN IT ORDERED APPELLANTS [sic] TO PAY RESTITUTION AND IMPOSED A FINANCIAL SANCTION UNDER R.C. 2929.18 WITHOUT CONSIDERING MR. LITTLER'S PRESENT AND FUTURE ABILITY TO PAY."

**{¶ 29}** As we said in *State v. Ratliff*, 2nd Dist., 194 Ohio App.3d 202, 2011-Ohio-2313, at ¶ 12:

> R.C. 2929.19(B)(6) imposes a duty upon the trial court to "consider the offender's present or future ability to pay" before imposing any financial sanctions under R.C. 2929.18. See, e.g., *State v. Martin* (2000), 140 Ohio App.3d 326, 338, 747 N.E.2d 318, citing *State v. Stevens* (Sept. 21, 1998), Clinton App. No. CA98–01–001, 1998 WL 640889. However, the statute establishes no particular factors for the court to take into consideration, nor is a hearing necessary before making this determination. Id. A trial court may comply with R.C. 2929.19(B)(6) by considering a presentence-investigation report, which includes information about the defendant's age, health, education, and work history. Id.

**{¶ 30}** As in *Ratliff*, Littler never objected to the trial court's alleged failure to have considered his present or future ability to pay restitution. Therefore, as Littler recognizes, this

assignment of error is governed by the plain-error standard of review. Furthermore, as in *Ratliff*, the record in this case reflects that the trial court considered a pre-sentence investigation report that included information concerning his age, health, education, and work history. Thus, the trial court had the opportunity to consider Littler's present and future ability to pay restitution, and we must presume, in the absence of anything in the record to suggest otherwise, that it did so.

{¶ 31} Littler's Third Assignment of Error is overruled.

## V. Conclusion.

{¶ 32} All of Littler's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Johnna M. Shia
Thomas W. Kidd, Jr.
Hon. Gregory F. Singer