[Cite as *State v. Garrett*, 2013-Ohio-3035.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                    :         C.A. CASE NO.    25426

v.                                          :         T.C. NO.    10CR4058/2

TRAMMEL D. GARRETT                          :         (Criminal appeal from
                                                  Common Pleas Court)

    Defendant-Appellant                   :

                                            :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___12th___ day of ___July___, 2013.

. . . . . . . . . .

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

RICHARD S. SKELTON, Atty. Reg. No. 0040694, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** This matter is before the Court on the Notice of Appeal of Trammel

D.

Garrett, filed October 18, 2012. Garrett appeals from the trial court's September 19, 2012 Judgment Entry of Conviction, following pleas of guilty, on two counts of aggravated robbery (deadly weapon), in violation of R.C. 2911.01(A)(1), felonies of the first degree, both with firearm specifications. Garrett received an aggregate sentence of 16 years. Pursuant to a plea agreement, remaining charges in the indictment were dismissed, and the court ordered that Garrett's 16-year sentence be served concurrently to an aggregate term of 30 years to life imposed on multiple counts in another Montgomery County matter (2010 CR 4099/2), as well as a probation revocation matter from Green County (2011 CR 040). The trial court further ordered restitution herein in the amount of $1,274.00, and it is the order of restitution that is the subject of this appeal.

{¶ 2}    On September 10, 2012, Garrett entered his pleas herein, and his plea form indicates, under the heading "Other sanctions," as follows: "Restitution to Comfort Suites in the amount of $540, Greg Edwards in the amount of $170, BP Gas Station in the amount of $168, and Teresa Lakins in the amount of $396." Defense counsel indicated to the court that he waived a presentence investigation. Prior to sentencing in Case No. 2010 CR 4099/2, also on September 10, 2012, defense counsel advised the court that an affidavit of indigency had been filed in both matters on Garrett's behalf, and the court indicated that it had ordered and reviewed a presentence investigation report ("PSI") in Case No. 2010 CR 4099/2. After imposing sentence therein, and subsequently imposing sentence in the instant matter, the court indicated as follows:

Further, in 10CR4058, Court orders that, well, again regarding this

matter, based on the PSI, I know - - we all know that Mr. Garrett is going to

serve a life sentence here. But as far as his health, he's in good health. I know he hasn't worked in the past, but *theoretically*, he could obtain a GED through prison.

The Court is going to make a finding that Mr. Garrett has a future ability to pay with regard to restitution. And also, this whole issue of prison pay comes into play here as well. *Theoretically*, restitution could be paid from prison pay. So the Court orders restitution to Comfort Suites in the amount of $540, to Greg Edwards in the amount of $170, and to BP Gas Station in the amount of $168, and to Theresa Lakens * * * in the amount of $396. (Emphasis added).

**{¶ 3}** Defense counsel objected "to any order of restitution * * * on this person's present or future ability to pay considering the sentence given in this Court," and the following exchange occurred:

THE COURT: We have information that Mr. Garrett is in good health. He is - - he did complete the eleventh grade. He *could*, in his time incarceration (sic), get his GED so he *could* - - he actually *could* take courses. We've had people go through and get college degrees in prison. I think somebody got a law degree, maybe two fellow (sic) got law degrees.

* * *

MR. SKELTON: * * * So whatever degree he gets or he doesn't get, the likelihood that he's going to be able to make restitution I believe by law is so remote that this Court doesn't have the authority to order it. * * *

4

THE COURT: * * * That objection is noted. Again, I'm talking about future. I know we - - *it's a lot of speculation*, I can see.

MR. SKELTON: * * * And I think that's the objection.

THE COURT: But I think he has a future ability to pay and so the Court does order the restitution. I understand *no present ability to pay* again other than *possible* prison pay. So the exception is noted. (Emphasis added).

{¶ 4}    The pre-sentence investigation report from Case No. 2010 CR 4099 indicates that Garrett was 20 years old, that he was in good physical health, that he completed the eleventh grade, and that he "has never held verifiable employment; however, considered himself self supported. When asked how he supported himself, Mr. Garrett replied, 'Things just happened.'" The PSI reflects a lengthy criminal record. The PSI further reflects that Garrett is the sixth of seven children, and that he has a daughter whom he "believes is in the custody of Children's Services; however, has no way of confirming his suspicion." The PSI indicates that Garrett "is ordered to pay $61.20 per month [in child support] per month, and has an arrears of $153, with no payments ever made." Garrett smoked one pound of marijuana a week, beginning at age 17, and he used cocaine on one occasion in December, 2012, according to the PSI. The PSI does not indicate that Garrett has any assets.

{¶ 5}    Garrett's sole assigned error is as follows:

"THE COURT ERRED WHEN ORDERING RESTITUTION BE PAID BY A DEFENDANT WHO RECEIVES A THIRTY-YEAR (30) TO LIFE SENTENCE OF INCARCERATION."

**{¶ 6}** R.C. 2929.18(A)(1) provides that a court imposing sentence upon an offender for a felony may also sentence the offender to financial sanctions, including restitution. R.C. 2929.19(B)(5) provides: "Before imposing a financial sanction under section 2929.18 of the Revised Code * * * , the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." "The trial court does not need to hold a hearing on the issue of financial sanctions, and there are no express factors that the court must take into consideration or make on the record." *State v. Culver*, 160 Ohio App.3d 172, 2005-Ohio-1359, 826 N.E.2d 367, ¶ 57 (2d Dist.) (upholding financial sanctions where this Court could infer that the trial court considered Culver's ability to pay, given "Culver's then gainful employment, his long employment history, and the fact that he had always had the ability to work. At the time of the hearing, Culver was making $500 a week * * * . The court also inquired into Culver's assets. And finally, in the sentencing entry, the court deferred payment until two months after Culver was released from prison.") *Id*., ¶ 59; *see also, State v. Frock*, 2d Dist. Clark No. 2004 CA 76, 2007-Ohio-1026, ¶ 9 ("Given the lengthy sentence [of 19 ½ years] imposed in this case - and the dearth of *encouraging* information about Frock in the PSI - we are constrained to conclude that the record fails to demonstrate that the court considered Frock's present ability to pay restitution [in the amount of $17,029.00].") (emphasis added).

**{¶ 7}** "A trial court need not even state that it considered an offender's ability to pay. *State v. Parker*, Champaign App. No. 03CA0017, 2004-Ohio-1313, ¶ 42." *State v. Russell*, 2d Dist. Montgomery No. 23454, 2010-Ohio-4765, ¶ 62. "The record should, however, contain 'evidence that the trial court considered the offender's present and future

ability to pay before imposing the sanction of restitution.' *State v. Robinson*, Hancock App. No. 5-04-12, 2004-Ohio-5346, 2004 WL 2260101, at ¶ 17." *Culver, ¶* 57. "The trial court may comply with its obligation by considering a presentence investigation report ('PSI'), which includes information about the defendant's age, health, education, and work history. *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425, ¶ 12 (2d Dist.)." *State v. Willis*, 2d Dist. Montgomery No. 24477, 2012-Ohio-294, ¶ 4.

{¶ 8} We note that in *Willis*, the defendant was 31 years old, he received a two year sentence, and the trial court ordered restitution in the amount of $20,352.08. When defense counsel requested that restitution be waived, the trial court responded, "'it's speculative as to the future ability or inability in the way of projecting that so that request is overruled.'" *Id.*, ¶ 7. This Court, in reversing and remanding the matter for further proceedings on the issue of restitution, concluded as follows:

> * * * We appreciate the court's frustration with the conjecture possibly involved in considering future ability to pay. However, this is a legislative mandate and, based on the court's response, it appears that the trial court did not "consider" and determine, given the facts before it, whether Willis would likely be able to pay $20,352.08 in restitution upon his release from prison. We cannot presume that the trial court met its obligation under R.C. 2929.29(B)[(5)]. *Id.*

{¶ 9} Herein, we initially note that Garrett was sentenced to an aggregate term of 30 years to life in a companion case, plus 16 years concurrent herein. A PSI reflects that he has no past employment history or demonstrated ability to work, and he owes an arrearage

on his child support obligation. The matter herein bears some similarity to *Willis*, in that in imposing sentence, the trial court concluded that restitution "theoretically" could be paid from "possible" prison employment, that Garrett "could" pursue further education, and further, the court acknowledged that "it's a lot of speculation" regarding Garrett's future ability to pay. While the State asserts that "Garrett will have the opportunity to earn wages for work while in the institution, and approved sources may deposit funds into his account," from which restitution may be paid, this argument is entirely speculative and ignores the statutory mandate in R.C. 2929.19(B)(5) that the trial court determine ability to pay. Unlike *Willis*, wherein a two-year sentence bears the probability of release and employment, Garrett's life sentence does not. As in *Frock*, there is a dearth of encouraging information about Garrett in the PSI, other than his good health, and we conclude that the court imposed a restitution order based upon theoretical scenarios and speculation and not upon the facts before it. For the foregoing reasons, Garrett's sole assigned error is sustained.

{¶ 10} The order of restitution is reversed and vacated. In all other respects the judgment of conviction is affirmed. All remaining aspects of the trial court's judgment remain unaffected.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

April F. Campbell
Richard S. Skelton
Hon. Timothy N. O'Connell