*256 Lanzinger, J.,
concurring in part and dissenting in part.
{¶ 29} I agree that this case should be remanded for a hearing on restitution, but because I respectfully dissent from the decision to avoid the certified question, I write separately and would hold that the plea agreement here imposed a limit on restitution.
{¶ 30} The trial court has discretion to order a defendant to pay restitution to a victim as a financial sanction pursuant to R.C. 2929.18(A)(1), but the statute expressly includes the caveat, “provided that the amount the court orders as restitution shall not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense.” (Emphasis added.) Because the degree of a theft offense is defined by the element of the amount of loss to the victim (in this case, for a fifth-degree felony, $500 or more but less than $5,000), restitution should be ordered within this range.
{¶ 31} In accepting a felony plea, a trial court is required to inform the defendant of the maximum penalty involved and the consequences of the plea, among other rights. See Crim.R. 11(C)(2).
{¶ 32} We have recognized that restitution is part of the sentence imposed on a defendant. State v. Danison, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, syllabus. Thus, the amount of restitution ordered pursuant to R.C. 2929.18 affects the maximum penalty as well as the effect of the plea.
{¶ 33} Crim.R. 11(C)(2)(a) states that for a plea to be voluntary, a defendant must understand the maximum penalty, which potentially includes restitution. Lalain was charged originally with a felony of the first degree, which could have exposed him to unlimited restitution. But Lalain should have been able to rely on the degree of theft to which he pled guilty — a fifth-degree-felony theft offense of stealing property valued between $500 and $5,000. This limitation on value is an element of the offense and restitution should be no greater than $4,999.99. However, Lalain could have been ordered to pay a greater amount of restitution as a specific part of a negotiated plea or as a stipulation. Crim.R. 11(F) states:
When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court.
{¶ 34} Thus, nothing prevents the state from requiring “full restitution” in a greater amount than the theft offense to which a plea has been taken. The defendant must know what the maximum consequences are when giving up rights and entering a guilty plea.
*257 Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellee.
John P. Hildebrand Co., L.P.A., and John P. Hildebrand Sr., for appellant.
{¶ 35} I would adopt the reasoning of the Second District Court of Appeals in State v. Ratliff, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425 (2d Dist.), and hold that restitution is limited to the amount referred to in the theft offense to which the defendant enters a plea unless the defendant agrees to a higher amount as part of the plea agreement.
O’Connor, C.J., concurs in the foregoing opinion.