[Cite as *State v. Mendez*, 2014-Ohio-2601.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 MA 86 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| YVETTE MENDEZ | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Court of
                                 Common Pleas of Mahoning County,
                                 Ohio
                                 Case No. 11 CR 578

JUDGMENT:                        Affirmed in Part. Vacated in Part.
                                 Remanded.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Paul J. Gains
                                 Mahoning County Prosecutor
                                 Atty. Ralph M. Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio 44503

For Defendant-Appellant:         Atty. James E. Lanzo
                                 4126 Youngstown-Poland Rd.
                                 Youngstown, Ohio 44514

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                 Dated: June 13, 2014

WAITE, J.

{¶1} Appellant Yvette Mendez pleaded guilty to felony theft and possession of criminal tools. As part of the sentence, the trial court ordered Appellant to pay restitution to the victim in the amount of $53,000. On appeal, Appellant argues that the court could only order restitution up to the amount of the theft charge, which would have been $4,999 under the law in effect at the time of the crime. The Ohio Supreme Court rejected this theory in *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093. Under *Lalain,* the total amount of victim's economic loss may be ordered as restitution. Appellant also argues that the court should have held a restitution hearing under R.C. 2929.18(A)(1) because she disputed the amount of restitution at sentencing. Appellant is correct. The record reflects that she disputed the amount at sentencing and thought restitution may only be in the range of $1,500-$1,700. Finally, Appellant argues that the court should have considered her inability to pay such a fine, since her indigency was a matter of record. This assignment of error is moot because the matter will be remanded for hearing on the amount of restitution. Appellant's first and third assignments of error are overruled, the second is sustained and the case is remanded for further proceedings.

## Case History

{¶2} On April 26, 2011, Appellant was arrested at Peskin Sign Company in Boardman, Ohio. She and two others were found cutting and removing large steel columns from the premises and loading them on a truck. On June 23, 2011, Appellant was indicted on one count of fifth degree felony theft, R.C. 2913.02(A)(1), and one count of possession of criminal tools, R.C. 2923.24(A). On July 6, 2011, the

court determined that Appellant was indigent and counsel was appointed. On November 8, 2011, a change of plea hearing was held and Appellant entered a written guilty plea to the charges. A sentencing hearing was held on January 10, 2012. At the hearing, the victim, Mr. Gerald Peskin, testified that he suffered a loss of $53,000 from the crime. Appellant's attorney objected to the amount and stated "I thought that the agreement that was brought to us * * * was between $1,500 and $1,700. * * * Again, we thought that the restitution was going to be a lot less." (1/10/12 Tr., pp. 4-5.) Appellant's attorney also objected to the amount of restitution because her client was indigent. The trial court sentenced Appellant to five years of community control sanctions, and $53,000 in restitution. The judgment entry of conviction and sentence was filed January 11, 2012.

{¶3} Appellant filed a delayed appeal on June 4, 2013. We accepted the delayed appeal on June 17, 2013.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING RESTITUTION IN AN AMOUNT EXCEEDING THE MAXIMUM AMOUNT THAT IS AN ELEMENT OF THE THEFT OFFENSE FOR WHICH THE DEFENDANT WAS CONVICTED.

{¶4} Appellant argues that the trial court could not order restitution in an amount that exceeded the amount designated as an element of the theft offense. In this case, the offense at the time the crime was committed was a fifth degree felony theft, which meant a theft in the amount of at least $500 but less than $5,000.

Former R.C. 2913.02(B)(2). Appellant argues that restitution cannot exceed the monetary limit of the degree of the theft offense as defined by statute.

**{¶5}** A trial court's decision to impose financial sanctions as part of a sentence is reviewed for an abuse of discretion. *State v. Downie*, 7th Dist. No. 07 MA 214, 2009-Ohio-4643, ¶30. An abuse of discretion is more than an error of judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). It is an abuse of discretion for a trial court to order restitution in an amount that does not bear a reasonable relationship to the actual loss suffered. *State v. Schandel*, 7th Dist. No. 07CA848, 2008-Ohio-6359, ¶154.

**{¶6}** R.C. 2929.18(A)(1) requires the trial court to calculate the amount of restitution based on the economic loss to the victim as a result of the crime. Appellant cites *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425 (2d Dist.), for the proposition that, unless the plea agreement states otherwise, the order of restitution for a theft offense cannot exceed the amount listed in the element of the offense that establishes the degree of the theft. Since Appellant was also convicted of possession of criminal tools, it is not clear that restitution is solely related to the theft offense and could have been ordered regardless of the degree of the theft. Assuming *arguendo* that the restitution order was based solely on the theft conviction, Appellant's argument is still incorrect.

**{¶7}** *Ratliff* was overturned on July 17, 2013, in *State v. Lalain*, *supra*, which held that: "A trial court has discretion to order restitution in an appropriate case and

may base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense." *Id.* at paragraph one of the syllabus. *Lalain* further held that: "The statute contains no statement about incorporating restitution into plea agreements, so that is not a statutory mandate. Rather, the statute vests the trial court with discretion to impose restitution and to base it on listed statutory factors and other information[.] * * * In addition, we recognize that the amount of restitution is not correlated to the degree of the theft offense." *Id.* at ¶23-24. Based on the holdings in *Lalain*, Appellant's first assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING RESTITUTION WITHOUT HOLDING A HEARING.

{¶8} Appellant argues that she was entitled to a separate hearing on restitution because her attorney questioned the amount of restitution at sentencing. R.C. 2929.18(A)(1) states: "If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." The statutory requirement to hold a hearing, if there is an objection to the amount of restitution, is mandatory. *Lalain* at ¶22; *Downie* at ¶30. At the sentencing hearing, Appellant's counsel disputed the amount of restitution, stating that she "thought that the agreement that was brought to us * * * was between $1,500 and $1,700. * * *

Again, we thought that the restitution was going to be a lot less." (1/10/12 Tr., pp. 4-5.) This was a specific objection to the amount of restitution, and the court should have ordered a hearing on this issue. Appellant's assignment of error has merit and the case is remanded so that a restitution hearing can be ordered.

ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR BY ORDERING APPELLANT TO PAY RESTITUTION WITHOUT CONSIDERING HER PRESENT AND FUTURE ABILITY TO PAY, AS REQUIRED BY R.C. 2929.19(B)(6).

{¶9} Appellant argues that the trial court failed to take into account her indigence and inability to pay when it ordered $53,000 in restitution as part of her sentence. R.C. 2929.19(B)(5) states: "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."

{¶10} This assignment of error is moot because the matter is remanded for a restitution hearing and Appellant can raise the argument at that time. We do note that there is no indication from the record that the trial court ignored or was unaware of her indigency. In fact, the judge was obviously aware that she was indigent when he appointed counsel for Appellant in the initial stages of the case. An initial determination of indigency does not prevent a trial judge from imposing restitution as part of the sentence. As we have stated a number of times: "[A] determination that a

criminal defendant is indigent for purposes of receiving appointed counsel does not prohibit the trial court from imposing a financial sanction pursuant to R.C. 2929.18. This is because the ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings." *State v. Weyand*, 7th Dist. No. 07-CO-40, 2008-Ohio-6360, ¶16; *accord*, *State v. Gabriel*, 7th Dist. No. 09 MA 108, 2010-Ohio-3151, ¶20.

**{¶11}** "The test for imposing restitution is not indigency in general, but it is whether the offender is able to pay the financial sanction or is likely to be able to pay it in the future. See R.C. 2929.18(E). Thus, before imposing a financial sanction such as restitution, the court shall consider the offender's present and future ability to pay the amount of the sanction. R.C. 2929.19(B)(6), citing R.C. 2929.18." *Id.* at ¶33. "[A]n offender who does not raise his ability to pay a financial sanction at the time the sanction is imposed waives any argument concerning his ability to pay on direct appeal." *State v. Potts*, 7th Dist. No. 07 HA 4, 2008-Ohio-643, ¶7. Because the sanction of restitution will be revisited by the trial court on remand, Appellant will have the opportunity to raise, or waive, any of these arguments at that time. Appellant's third assignment of error is overruled.

### Conclusion

**{¶12}** Appellant is challenging three aspects of the trial court's decision ordering her to pay $53,000 in restitution as part of her sentence for felony theft and possession of criminal tools. She is incorrect that the maximum restitution order can only be as high as the maximum amount of the element of the theft charge that

determines the degree of the crime. The Ohio Supreme Court overturned the case Appellant relies on for this argument. Appellant is correct, however, that she was entitled to a hearing on restitution because she objected to the amount. Her last argument regarding whether the trial court considered her ability to pay restitution is moot because the case is remanded for a restitution hearing. Appellant's first and third assignments of error are overruled, the second is sustained, and the portion of the sentencing entry regarding restitution is vacated. The trial court must conduct a hearing to determine the amount of restitution. Judgment affirmed in part, vacated in part, and remanded for further proceedings.

Donofrio, J., concurs.

Vukovich, J., concurs.