[Cite as *State v. Grooms*, 2016-Ohio-38.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-31 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-617 |
| | : | |
| TALBERT GROOMS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of January, 2016.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting
Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio
45432
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Defendant-Appellant, Talbert Grooms, appeals from his conviction and sentence on one count of Trafficking in Heroin in an amount greater than or equal to ten grams but less than 50 grams, in violation of R.C. 2925.03(A)(2), a second-degree felony. After pleading guilty, Grooms was sentenced to the maximum sentence of eight years in prison, a five-year driver's license suspension, and a mandatory minimum fine of $7,500.

{¶ 2} In support of his appeal, Grooms contends that the trial court erred in failing to conduct a hearing regarding his present and future ability to pay the fine. Grooms further contends that the trial court abused its discretion by failing to consider his ability to pay the fine.

{¶ 3} We conclude that the trial court did not err in failing to hold a hearing on the mandatory minimum fine, because the trial court is not required to hold a hearing. The court also did not abuse its discretion in imposing a mandatory minimum fine. The court was not required to make express findings. In addition, the court considered the presentence investigation report that was prepared, which did not indicate that Grooms was unable to pay the mandatory minimum fine. Accordingly, the judgment of the trial court will be affirmed.


I. Facts and Course of Proceedings

{¶ 4} In September 2014, Grooms was indicted on three counts of Trafficking in Heroin, with the amounts ranging from greater than or equal to one gram but less than five grams, to greater than or equal to 10 grams but less than fifty grams. The dates of

these alleged offenses were March 13, 2014, March 27, 2014, and April 10, 2014. Grooms was also indicted on a fourth count, Possession of Heroin in an amount equal to 50 grams but less than 250 grams, in violation of R.C. 2925.11(A). This offense allegedly occurred on May 8, 2014.

{¶ 5} Grooms was arrested on the charges on November 4, 2014, and was transported to the Clark County Jail from the Montgomery County Jail, where he had been held. He then remained in jail until he was sentenced. A public defender was appointed to represent him.

{¶ 6} On February 9, 2015, Grooms filed an affidavit of indigency concerning the mandatory fine. He stated that, pursuant to R.C. 2923.03(D)(1) and R.C. 2929.18(B)(1), he was indigent and was unable to pay the mandatory fine.

{¶ 7} Subsequently, on March 6, 2015, Grooms entered a guilty plea to Count III, Trafficking in Heroin, a second-degree felony. Under the plea agreement, the remaining charges were dismissed, and a school-enhancement specification, which would have increased the felony level to a first-degree felony, was removed from Count III. *See* R.C. 2925.03(C)(6)(e). The trial court indicated during the plea hearing that a $7,500 mandatory fine was among the potential sanctions. Transcript of Plea Hearing, p. 7. The affidavit of indigency was not discussed during this hearing.

{¶ 8} The court accepted Grooms' guilty plea, found him guilty, and set the matter for sentencing on March 23, 2015. The court also ordered a presentence investigation ("PSI"). At the sentencing hearing, the court stated that it had reviewed the PSI report. The report indicated that Grooms had two prior felony convictions, one in state court and the other in federal court, and had previously spent a total of six years in prison. At the

time of the sentencing hearing, Grooms was almost 31 years old.

{¶ 9} During the hearing, Grooms' attorney noted that an affidavit of indigency had been filed regarding any fines that might be imposed. Without responding, the court sentenced Grooms to eight years in prison, a driver's license suspension, and a mandatory minimum fine of $7,500. This appeal followed.

## II. Failure to Hold a Hearing

{¶ 10} Grooms' First Assignment of Error states that:

The Trial Court Erred as a Matter of Law by Failing to Conduct a Hearing on the Defendant's Present and Future Ability to Pay the Mandatory Minimum Fine Imposed.

{¶ 11} Under this assignment of error, Grooms contends that the trial court failed to rule on the issue of whether he was unable to pay the mandatory minimum fine. Although the assignment of error is phrased to indicate that the court erred in failing to conduct a hearing, Grooms does not mention this point in his brief.

{¶ 12} R.C. 2929.18(B)(1) states that:

For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines

the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶ 13} We have held on various occasions that "a hearing is not required on a defendant's ability to pay a mandatory fine * * *." *State v. Plemons*, 2d Dist. Montgomery Nos. 26434, 26435, 26436, 26437, 2015-Ohio-2879, ¶ 8, citing *State v. Barker*, 2d Dist. Montgomery No. 26061, 2014-Ohio-3946, ¶ 15. Thus, because the trial court was not required to hold a hearing, this assignment of error is without merit. Accordingly, the First Assignment of Error is overruled.

### III. Did the Court Abuse Its Discretion by Failing to Consider Grooms' Ability to Pay the Fine?

{¶ 14} Grooms' Second Assignment of Error states that:

The Trial Court Abused Its Discretion by Failing to Consider the Defendant's Present or Future Ability to Pay the Mandatory Minimum Fine Imposed.

{¶ 15} Under this assignment of error, Grooms contends that the trial court's decision to impose the mandatory fine was an abuse of discretion because the court ignored his counsel's motion at the sentencing hearing. In addition, Grooms points out that the record is devoid of any indication that the trial court made any finding about his present or future ability to pay the fine.

{¶ 16} The Supreme Court of Ohio has said that "an offender who files an affidavit alleging that he or she is indigent and is unable to pay a mandatory fine is not

automatically entitled to a waiver of that fine." *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). "For purposes of the statute, being 'indigent' and being 'unable to pay' are not the same. Indigency concerns a defendant's current financial situation, whereas an inability to pay encompasses his future financial situation as well." *Plemons* at ¶ 7, citing *Gipson* at 636.

{¶ 17} We have stated on a number of occasions that R.C. 2929.18 does not include any particular factors for courts to consider when evaluating a defendant's future ability to pay. *See, e.g. State v. Littler*, 2d Dist. Montgomery Nos. 24532, 24533, 2012-Ohio-210, ¶ 29, citing *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425, ¶ 12 (2d Dist.). We, therefore, noted that trial courts can comply with the statute " 'by considering a presentence-investigation report, which includes information about the defendant's age, health, education, and work history.' " *Id.*, quoting *Ratliff* at ¶ 12. *See also State v. LeGrant*, 2d Dist. Miami No. 2013-CA-44, 2014-Ohio-5803, ¶ 13 (finding the trial court considered ability to pay based on its consideration of the PSI): *State v. Barker*, 2d Dist. Montgomery No. 26061, 2014-Ohio-3946, ¶ 15 (the trial court is not required to expressly state that it considered defendant's ability to pay); and *State v. Tate*, 2d Dist. Montgomery No. 25386, 2013-Ohio-5167, ¶ 54 (where the trial court did not even say that it had considered the PSI, we observed that "in the absence of anything in the record to suggest otherwise, we must presume that the court made the required considerations [about the defendant's ability to pay] when it reviewed the presentence investigation report.")

{¶ 18} In the case before us, the trial court ordered a PSI and stated at the sentencing hearing that it had considered the PSI report. According to the report,

Grooms was almost 31 years old, and while he had been in prison for a total of six years of his life, there is no indication that Grooms would not be able to obtain gainful employment after his release from prison. At that time, Grooms would still be relatively young, and presumably, he can pursue training or further his education while in prison.

{¶ 19} Specifically, the PSI indicates that Grooms obtained a GED in 2001. He had also been attending Sinclair Community College for the prior year on a full-time basis and had expected to graduate in January 2016 with a degree in Construction Technology. In addition, Grooms stated that he was in good physical health. As a result, there appears to be no reason why Grooms could not pay a fine in the future.

{¶ 20} Accordingly, for the reasons stated, the trial court did not abuse its discretion in imposing a mandatory minimum fine. The Second Assignment of Error, therefore, is overruled.

IV.   Conclusion

{¶ 21} All of Grooms' assignments of error having been overruled, the judgment of the trial court is affirmed.

HALL, J., concurs.

FROELICH, J., dissenting:

{¶ 22} The Appellant timely filed an affidavit stating he was "indigent and unable to pay the mandatory fine." I agree that a hearing is not always required and that the record reflects that the court reviewed the PSI, and that in certain circumstances, "unable to pay", includes future ability.

{¶ 23} However, unless the law presumes that anyone competent enough to enter a plea, in satisfactory health, with a GED and formerly pursuing a community college

degree, and who will be in prison for the next eight years will be able to pay a $7,500 fine, "costs of prosecution, court-appointed counsel costs, and any fees permitted pursuant to law," upon his release, I cannot find, on this record, that the court considered the Appellant's ability to pay.

. . . . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Joe Cloud
Hon. Douglas M. Rastatter