OPINION
{¶ 1} Heather M. MacQuarrie pled guilty in the Montgomery County Court of Common Pleas to misuse of a credit card in an amount more than $500, in violation of R.C. 2913.21(B)(2), a fifth degree felony. The trial court sentenced her to twelve months in prison and ordered her to pay restitution in the amount of $3,244.19 to Servpro, care of Brian Pedtke, *Page 2 
and court costs.
 {¶ 2} MacQuarrier appeals, raising one assignment of error, which states:
 {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED RESTITUTION SANCTIONS UPON THE DEFENDANT IN THE ABSENCE OF ANY COMPETENT AND CREDIBLE EVIDENCE IN THE RECORD TO SUPPORT SUCH AN ORDER, THUS THE AMOUNT OF RESTITUTION SET AT THE DEFENDANT'S SENTENCING HEARING CONSTITUTE[S] PLAIN ERROR."
 {¶ 4} In her assignment of error, MacQuarrie claims that the trial court erred in ordering restitution, because the record lacked competent and credible evidence to support the amount of restitution.
 {¶ 5} Under R.C. 2929.18(A)(1), a court may order a felony offender to pay, as part of the sentence, a financial sanction in the form of restitution by the offender to the victim of the crime "in an amount based on the victim's economic loss." R.C. 2929.18(A)(1) provides, in part:
 {¶ 6} "If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the *Page 3 
amount."
 {¶ 7} "An order of restitution must be supported by competent, credible evidence in the record. State v. Warner (1990),55 Ohio St.3d 31, 69, 564 N.E.2d 18. `It is well settled that there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered.' State v. Williams (1986),34 Ohio App.3d 33, 34, 516 N.E.2d 1270. `A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted.' State v. Banks (Aug. 19, 2005), Montgomery App. No. 20711, 2005-Ohio-4488. `Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered.' State v. Golar (October 31, 2003), Lake App. No. 2002-L-092, 2003-Ohio-5861.
 {¶ 8} "A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered. State v. Williams, 34 Ohio App.3d 33. Thus, we review the trial court's decision under an abuse of discretion standard. `The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218, 450 N.E.2d 1140, quoting State v. Adams (1980),62 Ohio St.2d 151, 404 N.E.2d 144. * * *" State v. Collins, Montgomery App. Nos. 21510 and 21689, 2007-Ohio-5365, at ¶ 12-13.
 {¶ 9} MacQuarrie acknowledges that she failed to object to the order of restitution at the sentencing hearing and that she has waived all but plain error. She argues, however, that plain error exists, because the record of the April 17, 2008, sentencing hearing "is void of any evidence which can substantiate the amount of restitution ordered by the trial court, must less *Page 4 
the competent and credible evidence as required by Ohio law. Enumerated in the record is only the final $3,244.19 figure that the trial court ordered."
 {¶ 10} At the plea hearing, held on April 3, 2008, the trial court informed MacQuarrie that a presentence investigation would be conducted. Although the trial court did not expressly state at the sentencing hearing that it was relying on the presentence investigation report, it is apparent from the record that the trial court relied on the information contained in that report when it sentenced MacQuarrie. Specifically, the trial court stated, in pertinent part:
 {¶ 11} "You have at least three prior felonies in two different states for theft-related offenses. Apparently you're still wanted in Arizona for one of them. And then you apparently also have some pending things in Arkansas. So Arkansas, Arizona and Florida — you all have some sort of theft-related offenses.
 {¶ 12} "Ma'am, when you were interviewed about this offense, you said well, you know, yeah, I wrote one check; I made one transaction that was unauthorized but the rest of them were authorized.
 {¶ 13} "I mean, your employer actually authorized you to pay your reinstatement fee on your driver's license in Florida? And pay your own cell phone bills? And buy gift cards and sports memorabilia?
 {¶ 14} "I mean, ma'am, that's — you just don't get it. You do not get that you can't steal from other people. It's not yours. That no matter how much you want it, you got to work for it yourself.
 {¶ 15} "Ma'am, after considering the purposes and principles of sentencing, the seriousness of recidivism factors — most particularly that this is your fourth theft-related felony-I' m *Page 5 
going to sentence you to 12 months at the Ohio Reformatory for Women, order that you pay restitution in the amount of the $3,244.19 to Servpro in care of Brian (ph) Petke (ph) and you'll pay that at the rate of $150 per month."
 {¶ 16} At no time did MacQuarrie dispute the amount of restitution, ask for a hearing, or object.
 {¶ 17} MacQuarrie's prior criminal history was detailed in the presentence investigation report, as was a summary of the investigator's interview with her. The trial court's summary of MacQuarrie's criminal history and of MacQuarrie's interview statements was consistent with the presentence investigation report.
 {¶ 18} The presentence investigation report also informed the trial court about the economic loss suffered by MacQuarrie's employer as a result of her misuse of the company credit card. The report itemized thirteen unauthorized credit transactions on a company-issued credit card, totaling $3,244.19. The trial court's order of restitution in the amount of $3,244.19 was consistent with this report.
 {¶ 19} Based on the record, we find no error — plain or otherwise — in the trial court's order of restitution in the amount of $3,244.19. The presentence investigation report provided competent, credible evidence that Servpro had suffered $3,244.19 in economic loss, and the trial court was authorized by R.C. 2929.18(A)(1) to rely on that information when ordering restitution.
 {¶ 20} MacQuarrie's assignment of error is overruled.
 {¶ 21} The judgment of the trial court will be affirmed.
DONOVAN, P.J. and FAIN, J., concur. *Page 1