[Cite as *Lewis v. Lewis*, 2014-Ohio-958.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

DANIEL T. LEWIS                           :

     Plaintiff-Appellant            :          C.A. CASE NO.    2013 CA 68

v.                                        :          T.C. NO.    04DM56

KATHRYN LEWIS                             :          (Civil appeal from Common
                                                              Pleas    Court,    Domestic
Relations)
     Defendant-Appellee             :

                                          :

         . . . . . . . . . .

**O P I N I O N**

Rendered on the ____14th____ day of _____March_____, 2014.

. . . . . . . . . .

REBECCA BARTHELEMY-SMITH, Atty. Reg. No. 0003474, 7821 N. Dixie Drive, Dayton, Ohio 45414
     Attorney for Plaintiff-Appellant

KEITH R. KEARNEY, Atty. Reg. No. 0003191, 2160 Kettering Tower, Dayton, Ohio 45423
     Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    First petitioner-appellant Daniel T. Lewis appeals a judgment of the Greene

County Court of Common Pleas, Domestic Relations Division, overruling his objections and adopting the decision of the magistrate granting second petitioner-appellee Kathryn Lewis' motion to terminate the parties' shared parenting plan and motion for reallocation of parental rights and responsibilities. On November 8, 2013, Daniel filed a timely notice of appeal with this Court.

{¶ 2} Daniel and Kathryn were married on October 2, 1995, in Richmond, Indiana. The parties produced two children as a result of the marriage, to wit: H.L., born July 17, 1998; and J.L., born August 5, 2000. On May 12, 2004, a Final Decree of Dissolution of Marriage was filed, thereby terminating the parties' marriage. Initially, the parties entered into a shared parenting plan for the minor children. Kathryn was designated as the primary residential parent for school attendance purposes.

{¶ 3} On March 26, 2012, Kathryn filed a motion to terminate the parties' shared parenting plan and a motion for reallocation of parental rights and responsibilities. Prior to the hearing on Kathryn's motions, the parties agreed to the termination of the shared parenting plan and agreed that Kathryn should be designated the residential parent and legal custodian of the parties' two minor children. No stipulations were entered into regarding the issue of child support.

{¶ 4} Accordingly, a hearing was held before the magistrate on November 6, 2012. On November 8, 2012, the magistrate issued a decision ordering Daniel to pay child support to Kathryn in the amount of $656.35 per month for both of the minor children, retroactive to April 1, 2012. The magistrate also ordered that Kathryn was entitled to claim both of the parties' children as dependents for tax purposes from 2012 and forward until further order of

the court.

{¶ 5}    On November 21, 2012, Daniel filed partial objections to the magistrate's decision regarding the child support order.   Daniel filed supplemental objections to the magistrate's decision on January 3, 2013.   The judgment and entry overruling Daniel's objections and adopting the decision of the magistrate was issued by the trial court on October 9, 2013.

{¶ 6}    It is from this judgment that Daniel now appeals.

{¶ 7}    Daniel's sole assignment of error is as follows:

{¶ 8}    "OHIO REVISED CODE SECTION 3119.01(C) IS IN CONTRADICTION TO THE FEDERAL LAW, SPECIFICALLY 38 U.S.C. 5301, AND THEREFORE, APPELLANT SHOULD NOT BE ORDERED TO PAY CHILD SUPPORT. APPELLANT FURTHER CONTENDS THAT 42 U.S.C. 659 DOES NOT ALLOW FOR GARNISHMENT OF VETERAN'S DISABILITY PAY, UNLESS IT IS BASED ON EMPLOYMENT.   APPELLANT IS NOT EMPLOYED."

{¶ 9}    In his sole assignment, Daniel contends that the trial court abused its discretion when it adopted the magistrate's decision ordering that his income from his VA disability benefits be used in calculating his child support obligation to the parties' two minor children.   Specifically, Daniel argues that the VA benefits that he receives are not assignable as income to him for child support purposes because they are exempt from any kind of attachment by virtue of 38 U.S.C. 5301, the Disabled Veteran's Protection Act (DVPA), passed in 2010.   Daniel further asserts that 42 U.S.C. 659, the Social Security Act (SSA), does not permit garnishment of a veteran's disability benefits, unless it is based on

employment.

{¶ 10} Pursuant to Civ.R. 53(D)(3)(b), a party who disagrees with a magistrate's proposed decision must file objections to said decision. Claims of trial court error must be based on the actions taken by the trial court, itself, rather than the magistrate's findings or proposed decision. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. *Breece v. Breece*, 2d Dist. Darke No. 99-CA-1491, 1999 WL 999759 (Nov. 5, 1999); *Seagraves v. Seagraves*, 2d Dist. Montgomery Nos. 15047 and 15069, 1995 WL 559970 (Aug. 25, 1995). In accordance with Civ.R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Dayton v. Whiting*, 110 Ohio App.3d 115, 118, 673 N.E.2d 671 (2d Dist.1996). Thus, the trial court's standard of review of a magistrate's decision is de novo.

{¶ 11} An "abuse of discretion" standard is the appellate standard of review. When an appellate court reviews a trial court's adoption of a magistrate's report for an abuse of discretion, such a determination will only be reversed where it appears that the trial court's actions were arbitrary or unreasonable. *Proctor v. Proctor*, 48 Ohio App.3d 55, 60-61, 548 N.E.2d 287 (3d Dist.1988). Presumptions of validity and deference to a trial court as an independent fact-finder are embodied in the abuse of discretion standard. *Whiting*, supra.

> "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Citation omitted.) It is to be expected that most instances of abuse of discretion will result in decisions

that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp*., 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 12}** In support of his argument, Daniel relies on one particular section of the DVPA, specifically 38 U.S.C. 5301(a)(1), which states in pertinent part:

(a)(1) Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

**{¶ 13}** Daniel's arguments are misplaced. In *Rose v. Rose*, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987), the U.S. Supreme Court concluded that VA disability benefits are intended by Congress to provide compensation for disabled veteran's and their families. *Id*., 481 U.S. at 630-634. Therefore, the Supreme Court recognized that an exception to the

application of 38 U.S.C. 3101(a) [now 38 U.S.C. 5301], which prohibits attachment, levy, or seizure of VA disability benefits, would further rather than undermine the federal purpose in providing the benefits. *Id*., 481 U.S. at 634. Thus, the *Rose* court concluded that 38 U.S.C. 3101(a) does not protect a veteran's disability benefit from an otherwise valid order of child support. *Id*.

{¶ 14} 42 U.S.C. 659(a) states as follows:

(a) Consent to support enforcement

Notwithstanding any other provision of law (including section 407 of this title and section 5301 of Title 38), effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the Armed Forces of the United States, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding in accordance with State law enacted pursuant to subsections (a)(1) and (b) of section 666 of this title and regulations of the Secretary under such subsections, and to any other legal process brought, *by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support* or alimony. (Emphasis added)

{¶ 15} Daniel also asserts that 42 U.S.C. 659 specifically protects VA disability

benefits from being subject to support enforcement except for remuneration based on employment. Here again, Daniel misconstrues the language of the statute. 42 U.S.C. 659 was intended by Congress "to create a limited waiver of sovereign immunity so that state courts can issue valid orders directed against agencies of the United States Government attaching funds in the possession of those agencies." *Rose*, 481 U.S. at 635. Clearly, it is not the intent of the DVPA nor the SSA to preclude a veteran who is receiving VA benefits from paying child support. Rather, the statutes create a means by which a state court can attach a veteran's child support obligation so that it is paid out of his or her VA benefits. Thus, once the funds are delivered to a veteran from the VA, a state court can require him or her to use them to satisfy an order of child support.

{¶ 16} R.C. 3119.01(C)(7) provides that "gross income" for purposes of calculating child support includes:

> *** *[b]enefits that are not means-tested and that are received by and in the possession of the veteran who is the beneficiary for any service-connected disability under a program or law administered by the United States department of veterans' affairs or veterans' administration ***.*

{¶ 17} Income excluded as gross income under this statute includes:

> [b]enefits for any service-connected disability under a program or law administered by the United States department of veterans' affairs or veterans' administration that are not means-tested, that have not been distributed to the veteran who is the beneficiary of the benefits, and that are in the possession of the United States department of veterans' affairs or veterans'

administration.

{¶ 18} In light of the foregoing analysis, Daniel's VA benefits are subject to inclusion in the calculation of income for purposes of child support. Contrary to Daniel's assertion, 38 U.S.C. 5301 and 42 U.S.C. 659 complement, rather than contradict, R.C. 3119.01(C). Therefore, the trial court did not abuse its discretion when it ordered that Daniel's VA disability benefits be used as income for the calculation of child support for his two minor children. Further, the trial court did not err when it ordered Daniel to create a bank account for the withholding of the child support payments since a withholding order cannot be administered to the VA. The trial court also properly ordered that Daniel's child support obligation be made retroactive to April 1, 2012, because he admitted that he had not provided support to the parties' minor children since before Kathryn filed her motion to terminate the parties' shared parenting plan and motion for reallocation of parental rights and responsibilities on March 26, 2012.

{¶ 19} Daniel's sole assignment of error is overruled.

{¶ 20} Daniel's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.


Copies mailed to:

Rebecca Barthelemy-Smith
Keith R. Kearney
Hon. Steven L. Hurley