[Cite as *State v. Graupmann*, 2014-Ohio-3637.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    2013 CA 65 |
| v. | : | T.C. NO.    TRD1211371 |
| JORDAN L. GRAUPMANN | : | (Criminal appeal from Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____22nd_____ day of _____August_____, 2014.

. . . . . . . . . .

BETSY A. DEEDS, Atty. Reg. No. 0076747, Assistant Fairborn Prosecutor, 510 West Main Street, Fairborn, Ohio 45324
        Attorney for Plaintiff-Appellee

CHRISTOPHER B. EPLEY, Atty. Reg. No. 0070981, 100 E. Third Street, Suite 400, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Jordan Graupmann appeals from a judgment of the Fairborn Municipal Court, which found him guilty, on his guilty plea, of reckless operation of a

vehicle, a misdemeanor of the fourth degree. The court sentenced him to 30 days in jail, all of which was suspended, imposed a fine of $150, plus court costs, and ordered Graupmann to pay restitution in the amount of $2,761.27. Graupmann appeals from his conviction, challenging the trial court's refusal to consider his untimely objections to its order of restitution.

{¶ 2} On December 11, 2012, Graupmann backed out of a driveway in a residential neighborhood and struck a vehicle parked on the street. According to the police report, Graupmann left the scene "without making any notification" regarding the accident. The Fairborn Police Department investigated the incident and, on December 19, Graupmann was cited for improper backing, failure to stop after an accident, and operating a vehicle without a valid license.

{¶ 3} In the Fairborn Municipal Court, the matter was heard by a magistrate. On July 22, 2013, Graupmann pled guilty at a plea hearing to an amended charge (from the failure to stop after an accident) of reckless operation of a vehicle, in exchange for which the charges for improper backing and driving without a valid operator's license were dropped.

{¶ 4} The magistrate held a sentencing/restitution hearing on September 5, 2013. At the hearing, the owner of the damaged car, a 1999 Pontiac Grand Am, presented three estimates for the repairs, which totaled $2,761.27, $2,770.41, and $2,950.10. The owner also presented evidence, based on AutoTrader, that the value of the car was between approximately $2,600 and $5,900. Graupmann presented pictures of the vehicle, which was dented on the rear driver's side, and suggested that, considering the age and condition of the car, a damage award in the range requested by the owner "would be effectively totaling [the

car] out;" however, he did not present any specific evidence as to the cost of the repairs or the value of the car. The magistrate sentenced Graupmann as described above, ordered that Graupmann pay restitution in the amount of $2,761.27, and informed Graupmann that he had 14 days to file objections to her decision.

{¶ 5}   On September 9, 2013, the trial court adopted the magistrate's decision.[1]

{¶ 6}   Graupmann did not file any objections within 14 days. On September 24, 2013 (the 19th day), he filed a motion to file objections out of time and the proposed objections themselves, which related to the amount of restitution awarded. In the objections, Graupmann argued that, according to the NADA Older Used Car Guide, the trade-in value of the damaged car was only $500-$800, that even in "clean" condition, the car would at most have a value of $2,875, and that the car was not in "clean" condition; none of this evidence was presented at the sentencing/restitution hearing.

{¶ 7}   On October 2, 2013, the trial court overruled Graupmann's motion to file objections out of time. It based its decision on the language of Crim.R. 19(D)(4)(e)(i) and of the magistrate's decision, which stated that such objections were to be filed within 14 days of the magistrate's decision, and on Graupmann's failure to show any good cause for an extension. Graupmann appeals from this decision.

{¶ 8}   In his first assignment of error on appeal, Graupmann contends that he should have been allowed to file his objections, because "a seeming miscommunication

---

[1] Pursuant to Crim.R. 19(D)(4)(e)(i), "[t]he court may enter a judgment either during the fourteen days permitted * * * for the filing of objections to a magistrate's decision or after the fourteen days have expired.   If the court enters a judgment during the fourteen days * * *, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered."

between counsel and client" constituted "excusable neglect." Specifically, Graupmann did not inform counsel until 17 days after the magistrate's entry that he wanted to file an objection. Graupmann asserts that he had "viable defense[s]" based on the unreasonable amount of the magistrate's restitution award and the magistrate's failure to consider his ability to pay.

{¶ 9} The question whether good cause has been shown for the extension of a filing deadline is within a trial court's discretion. *See, e.g., Cincinnati v. Parker*, 22 Ohio St.2d 209, 211, 259 N.E.2d 114 (1970); *Whipple v. Warren Corr. Inst.*, 10th Dist. Franklin No. 09AP-253, 2009-Ohio-4841, ¶ 6, citing *Johnson v. Univ. Hosp. Case Med. Ctr.*, 8th Dist. Cuyahoga No. 90960, 2009-Ohio-2119, ¶ 5; *Falvey v. Falvey*, 5th Dist. Fairfield No. 09-CA-0061, 2010-Ohio-2144, ¶ 21. We will not reverse a trial court's decision unless the court has abused its discretion. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Lewis v. Lewis*, 2d Dist. Greene No. 2013 CA 68, 2014-Ohio-958, ¶ 11.

{¶ 10} In this case, we cannot find that the trial court abused its discretion in concluding that Graupmann had not shown good cause for the untimeliness of his objections to the magistrate's decision. It appears that Graupmann had simply failed to pursue the matter within the time provided by Crim.R. 19(D)(3)(b)(i), of which he was informed at the sentencing/restitution hearing and in the magistrate's written decision. Moreover, although the record does not contain a transcript of the plea hearing, the magistrate stated at the sentencing/restitution hearing that it was explained to Graupmann at the plea hearing "that he would be ordered to make restitution." In the absence of any compelling reason to allow the

untimely filing of objections, we cannot conclude that the trial court abused its discretion in overruling Graupmann's motion to file such objections.

**{¶ 11}** The first assignment of error is overruled.

**{¶ 12}** In his second assignment of error, Graupmann argues that the amount of restitution awarded by the trial court was unreasonable and that the trial court did not consider his ability to pay restitution. Because Graupmann did not file timely objections or timely present the evidence he attached to his untimely objections, these issues are not properly before us. However, we will comment briefly on these arguments.

**{¶ 13}** With respect to Graupmann's argument that the amount of restitution was disproportionate to the value of the victim's car, we note that Graupmann did not present any evidence regarding the value of the victim's car at the hearing that was scheduled to examine this issue, although he did object to the amounts proposed by the victim. When Graupmann filed his motion to file objections out of time (with the proposed objections), he discussed values that were based on the NADA Older Used Car Guide, attaching a page that appeared to be from this guide. He also referenced his inability to take the car to a repair shop for an estimate, because it was not in his possession. Finally, Graupmann attached grainy, black-and-white copies of photographs depicting parts of the damaged car, which were intended to show its poor condition apart from the damage caused by the collision, but these copies are of such poor quality as to be of almost no value.

**{¶ 14}** A court must base an award of restitution on evidence that is in the record. *State v. MacQuarrie*, 2d Dist. Montgomery No. 22763, 2009-Ohio-2182, ¶ 7, citing *State v. Warner*, 55 Ohio St.3d 31, 69, 564 N.E.2d 18 (1990). On the plea form, the magistrate

ordered that the sentencing/restitution hearing be set "about 45 days" from that date (it was held 41 days later), which gave the parties time to gather evidence about the amount of the damage. There appear to have been discussions, which are not contained in the record before us, in which the magistrate asked the victim to "get a second opinion" about the repair costs during this period, although the precise context is unclear. As discussed above, the victim presented three estimates and information about the value of the car at the sentencing/restitution hearing.

{¶ 15} Following the sentencing/restitution hearing, the magistrate reasonably credited the victim's print-outs from AutoTrader of the values of similar vehicles and his detailed, professionally-prepared estimates from three auto dealer collision shops as to the cost of the repairs. The magistrate awarded the lowest of these three amounts. The fact that Graupmann failed to present documentary or photographic evidence at the hearing on restitution to refute the victim's claimed damages did not constitute "good cause" for the court to provide him with another opportunity to do so.

{¶ 16} Graupmann also contends that the trial court erred in failing to consider his ability to pay the restitution award. He raises this argument for the first time on appeal; he did not raise his ability to pay at the sentencing/restitution hearing or in his proposed objections to the magistrate's decision.

{¶ 17} R.C. 2929.28 specifies the types of financial sanctions that the trial court may impose in misdemeanor cases, including restitution. R.C. 2929.28(A)(1). R.C. 2929.28(B) makes holding a hearing on defendant's ability to pay any financial sanction, including restitution, discretionary with the court; such a hearing is not mandatory. *State v.*

*Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425, ¶ 12 (2d Dist.).   The trial court did not err in failing to hold such a hearing in this case, because Graupmann had not raised with the court any concern about his ability to pay.   A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regard to an order of restitution.   *Ratliff* at ¶ 14, citing *State v. Cochran*, 2d Dist. Champaign No. 09CA0024, 2010-Ohio-3444, ¶ 19. The plain error rule is to be invoked only under exceptional circumstances in order to avoid a manifest miscarriage of justice.   *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978).   Plain error does not occur unless, but for the error, the outcome of the trial clearly would have been different. *Id.* at 97; Crim.R. 52(B). Graupmann does not argue, and we do not find, that plain error occurred in this case.

{¶ 18}   Graupmann correctly points out that, after his conviction, on November 1, 2013, the court found him to be indigent, based on his financial disclosure/affidavit of indigency, on which he claimed to have no income and no assets.   However, a finding that a defendant is indigent for purposes of appointed counsel does not shield him from paying a financial sanction.   *See State v. Miller*, 2d Dist. Clark App. 08CA0090, 2010-Ohio-4760, ¶ 39; *State v. Twitty*, 2d Dist. Montgomery No. 24296, 2011-Ohio-4725, ¶ 23. A defendant's ability to pay a financial sanction may be derived from consideration of information about the defendant's age, health, education, and work history.   *Ratliff* at ¶12.   At the sentencing/restitution hearing in this case, defense counsel stated that Graupmann had obtained a job at Meijer the previous week, earning minimum wage, and that he would be a full-time college student in January 2014.   These assertions suggest that Graupmann had some means to pay restitution and that he was able to work.

{¶ 19}     Graupmann's assignments of error are overruled.

{¶ 20}     The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Betsy A. Deeds
Christopher B. Epley
Hon. Beth W. Root