[Cite as *State v. Simmons*, 2015-Ohio-446.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                             :
                                          :
    Plaintiff-Appellee                    :        C.A. CASE NO. 26181
                                          :
v.                                        :        T.C. NO. 14CRB15
                                          :
DAVID A. SIMMONS                          :        (Criminal Appeal from
                                          :         Municipal Court)
    Defendant-Appellant                   :
                                          :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___6th___ day of ___February___ , 2015.

. . . . . . . . . .

STEPHANIE L. COOK, Atty. Reg. No. 0067101, Chief Prosecutor, City of Dayton, 335 W. Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JULIA M. MARTIN, Atty. Reg. No. 0084156, Assistant Public Defender, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} David A. Simmons pled no contest in the Dayton Municipal Court to one count of assault, a first-degree misdemeanor. The trial court found him guilty, sentenced

him to 180 days in jail, all of which were suspended on the condition that he successfully complete two years of community control, and ordered him to pay restitution of $8,595.45 and court costs.

{¶ 2} Simmons appeals from his conviction, claiming (1) that the trial court erred in ordering restitution without affording him a hearing on the amount of restitution, (2) that the amount of ecomonic loss was not established, and (3) that the trial court failed to determine that he had a present or future ability to pay the financial sanction. In its appellate brief, the State concedes that the trial court erred in failing to afford Simmons a restitution hearing and in failing to determine whether he had an ability to pay financial sanctions. The State asserts that Simmons's second assignment of error as to the amount of economic loss is rendered moot. We agree with the State's assessment.

{¶ 3} According to the record, on March 11, 2014, Simmons filed a motion asking the court to release the complainant's medical records. In his motion, Simmons states that the complainant's hospital bills had been provided to support an amount of restitution, but that defense counsel "questions the amount of these receipts." Simmons sought to review the medical records to "more fully explore what amount should actually be ordered for restitution." Specifically, Simmons questioned whether a full body CT scan was related to the assault, in which the complainant suffered a lip laceration. Simmons also asserted that he was entitled to benefit from any write-off that the hospital provided to the complainant as a result of the complainant's inability to pay. Finally, Simmons noted that there was a discrepancy in the amount that the complainant had been billed for the CT scan and the procedure's cost as listed in the hospital's pricing disclosure documents.

{¶ 4} The motion was discussed at a sentencing hearing later that day. The State argued that the bills represented procedures done on the day of the assault and that the court should not second-guess the doctor's decision as to what procedures were necessary. Simmons responded that he was not disputing what was billed; instead, he was asserting that the amount the complainant would be required to pay to the hospital might not be the amount reflected on the bill, as the hospital might have reduced the amount owed due to the complainant's inability to pay. Simmons reiterated that he also questioned whether the full body scan was related to her injuries from the assault. The trial court denied the motion and proceeded to sentence Simmons. The court ordered restitution in the amount reflected on the hospital bills.

{¶ 5} R.C. 2929.28 specifies the types of financial sanctions that the trial court may impose in misdemeanor cases, including restitution. R.C. 2929.28(A)(1). That statute provides, in part:

> If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, or survivor disputes the amount

of restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

{¶ 6} "Economic loss" is defined in R.C. 2929.01(L) as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. 'Economic loss' does not include non-economic loss or any punitive or exemplary damages."

{¶ 7} We agree with the parties that Simmons disputed the amount of restitution requested by the State and challenged whether the hospital bills accurately reflected the complainant's economic loss. We also agree that the trial court failed to conduct a hearing on restitution, as required by R.C. 2929.28(A)(1) when the amount of restitution is disputed. We have held that the trial court's taking of evidence on the issue of restitution at the sentencing hearing is sufficient to constitute a "hearing" for purposes of the restitution statute, *State v. Graham*, 2d Dist. Montgomery No. 25934, 2014-Ohio-4250, ¶ 56 (addressing the analogous provision in R.C. 2929.18(A)(1)), but no testimony was presented at Simmons's sentencing hearing to support the amount of restitution. Simmons's first assignment of error is sustained.

{¶ 8} R.C. 2929.28(B) makes holding a hearing on defendant's ability to pay any financial sanction, including restitution, discretionary with the court; such a hearing is not mandatory. *State v. Graupmann*, 2d Dist. Greene No. 2013 CA 65, 2014-Ohio-3637, ¶ 17. However, there must be "some evidence in the record that the court considered the

defendant's present and future ability to pay the sanction imposed." *E.g., State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 34, quoting *State v. Reigsecker*, 6th Dist. Fulton No. F-03-022, 2004-Ohio-3808, ¶ 11.

**{¶ 9}** Although a finding that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying a financial sanction, *Graupman* at ¶ 18, the only information in the record related to Simmons's ability to pay a financial sanction is the fact that Simmons had been determined to be indigent and was represented by a public defender. There was no discussion at the sentencing hearing regarding Simmons's present or future ability to pay financial sanctions or of any factors (such as Simmons's work history, health, education, and the like) that could reflect his ability to pay restitution. The trial court ordered a presentence investigation, but the report also did not include any information from which the trial court could determine that Simmons had either a present or future ability to pay restitution. It simply stated that Simmons was referred to the probation department for a presentence investigation, that Simmons had been found guilty of assault/physical harm, that restitution was to be paid to the complainant, and that the amount of restitution was $8,595.45; the PSI included copies of medical bills from Miami Valley Hospital and the physicians who treated the complainant.

**{¶ 10}** Based on the record, we agree that the trial court failed to consider Simmons's present and future ability to pay restitution. Simmons's third assignment of error is sustained. And, in light of our disposition of Simmons's first and third assignments of error, the second assignment of error is rendered moot.

**{¶ 11}** We appreciate the professionalism of the State's counsel in filing a

separate notice of conceded error, as required by Loc.R. 2.24 of the Court of Appeals of Ohio, Second Appellate District.

**{¶ 12}** The trial court's order of restitution will be reversed, and the matter will be remanded for further proceedings consistent with this opinion. In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Stephanie L. Cook
Julia M. Martin
Hon. Deirdre E. Logan